# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID FONTES PAQUETTE, SR., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:19-cv-00370-GZS |
| | ) | |
| CPC RULE PROGRAM ADMIN, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

Plaintiff, an inmate of the Maine Department of Corrections and assigned to the Mountain View Correctional Facility (the facility), alleges that Defendants, who are either employees of the Department of Corrections or provide services to inmates at the facility, violated his constitutional rights in connection with the classification process, a disciplinary hearing, and a treatment program. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 6), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claims, except for the claim based on Plaintiff's contention that the sex offender program at the facility violates his Fifth Amendment right against self-incrimination.

## FACTUAL BACKGROUND[1]

Plaintiff alleges that Defendants Monaco and App operate a treatment program that compels inmates "to self-incriminate." (Complaint at 4.) He also asserts that Defendant Fitzpatrick developed a policy that punishes sex offenders. (*Id*.) Plaintiff further contends that Defendant Bailey did not afford him a fair disciplinary hearing and that Defendant Egan did not provide a fair classification process. (*Id*.)

More than a month after the filing of the complaint, Plaintiff filed several additional documents, including a document entitled "Discrimination Synopsis." (ECF No. 8-2.) The document appears to be a petition that Plaintiff intended other "CPC of probationer/parolee participants" to sign. (Synopsis at 4.) Plaintiff is the only individual to sign the form filed with the court. Through the document, Plaintiff raises certain concerns about the sex offender treatment program that is evidently provided through the Maine Department of Corrections.

Plaintiff asks the Court for various forms of relief, which includes a request for an "expert team" to evaluate the disability accommodations of the Maine Department of Corrections, the abolishment of the Maine Sex Offender Registry Notification Act, the

---

[1] The facts are derived from Plaintiff's complaint and Plaintiff's subsequent filings.

elimination of the use of a polygraph as part of the sex offender treatment program, and the reduction in his state sentence. (Attachment to Complaint, ECF No. 1-1.)

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st

Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Although Plaintiff contends that he did not receive a fair disciplinary hearing or a fair classification process, he has provided no facts regarding the subject matter of the hearings or the hearing process. Plaintiff's claims regarding the hearings consist primarily of conclusory allegations that assert the relevant legal standard. Conclusory allegations are insufficient to sustain a cause of action. *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (a complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard.") In short, Plaintiff has not asserted "enough facts to state a claim to relief that is plausible on its face" regarding the disciplinary and classification hearings. *Twombly,* 550 U.S. at 570.

Plaintiff also challenges the sex offender treatment program administered at the facility in which he is incarcerated. While Plaintiff's filings set forth concerns about the overall program, construed most favorably to Plaintiff, the filings include an allegation that the program violates Plaintiff's right against self-incrimination, which right is protected by the Fifth Amendment to the United States Constitution. In certain circumstances, depending on the conditions/requirements of the program and the consequences of non-compliance with the program requirements, an inmate/prisoner potentially could have an actionable Fifth Amendment claim. *See McKune v. Lile*, 536 U.S. 24, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002); *Ainsworth v. Stanley*, 317 F.3d 1 (1st Cir. 2002). Further development of the record is necessary to determine whether the program administered at the facility generates any constitutional concerns. At this stage of the proceedings, therefore, dismissal of Plaintiff's claim based on his contention that the sex offender program at the facility violates his Fifth Amendment right would not be appropriate.[2]

---

[2] In his complaint, Plaintiff lists himself and the "participants/detainees" of the program and the Maine Department of Corrections as the plaintiffs to this action. Plaintiff cannot assert a claim on behalf of other individuals. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, Plaintiff cannot represent other prisoners in this court, though he may provide advice and assistance to his fellow inmates on their legal matters. *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action."). To the extent, therefore, Plaintiff attempts to assert the claim on behalf of other inmates, Plaintiff cannot proceed on his claim.

## CONCLUSION

Based on the foregoing analysis, following a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's claims, except for the claim based on Plaintiff's contention that the sex offender program at the facility violates his Fifth Amendment right against self-incrimination.[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2019.

---

[3] To the extent Plaintiff contends the program deprives him of any other constitutional right or discriminates against him, Plaintiff has not alleged sufficient facts to support any such claim.