UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID FONTES PAQUETTE, SR., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) 1:19-cv-00370-GZS |
| | ) |
| CPC RULE PROGRAM ADMIN, et al., | ) |
| | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANT'S
MOTION TO DISMISS**

Plaintiff, an inmate of the Maine Department of Corrections and assigned to the Mountain View Correctional Facility, alleges that Defendants, who are either employees of the Department of Corrections or provide services to inmates, violated his Fifth Amendment right against self-incrimination based on the requirements of a sex offender treatment program in which Plaintiff participated. (Complaint, ECF No. 1.)[1] Defendant Joseph Fitzpatrick, the former Commissioner of the Maine Department of Corrections, moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint as moot. (ECF No. 30.)

After review of the complaint and the parties' submissions, I recommend the Court grant Defendant Fitzpatrick's motion and dismiss Plaintiff's complaint.

---

[1] The Court previously dismissed several other claims Plaintiff asserted against Defendants. (Order Affirming Recommended Decision, ECF No. 22.)

## BACKGROUND[2]

Plaintiff is an inmate in the custody of the Maine Department of Corrections (MDOC). (Complaint at 3.) Plaintiff formerly resided at the MCC. (Carr Aff. at ¶ 8.) Until mid-2019, MDOC contracted with Counseling and Psychotherapies Centers to provide the sex offender treatment program at the MCC, known as the CPC RULE Program.[3] (*Id*. at ¶¶ 5, 9.) The CPC RULE Program compels inmates "to self-incriminate." (Complaint at 4.) Sex offenders at the MCC, including Plaintiff, were required to participate in the CPC RULE Program. (*Id*. at ¶¶ 5-7.)

To participate in the sex offender treatment program, inmates must be located at the MCC. (*Id.* at ¶ 6.) Prior to the filing of the complaint, Plaintiff had been moved to the Mountain View Correctional Facility. (Complaint at 3; Carr. Aff. at ¶ 8.)

In mid-2019, the CPC RULE Program at the MCC was replaced with the Cognitive Behavioral Therapy Program for Sex Offenders. (Carr. Aff. at ¶ 9.) Unlike the CPC RULE Program, the Cognitive Behavioral Therapy program does not require inmates to admit their past offenses. (*Id*. at ¶ 10.) The MDOC does not anticipate using the CPC RULE Program again. (*See id*. at ¶¶ 9-13.) Defendant Fitzpatrick contends that the CPC RULE

---

[2] The facts set forth below are derived from Plaintiff's complaint. (Complaint, ECF No. 1.) In considering Rule 12(b)(1) motions challenging legal sufficiency, a court accepts a complaint's alleged facts as true and draws reasonable inferences in the plaintiff's favor to determine if the complaint "has propounded an adequate basis for subject matter jurisdiction." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). The facts are also drawn from the affidavit of non-party Sue Carr, Deputy Warden at the Maine Correctional Center (MCC), who oversees sex offender treatment programs at that facility, which affidavit was submitted by Defendant Fitzpatrick in support of his motion. (*See* Carr Aff., ECF No. 30-1 at ¶ 3.)

[3] "RULE" is an acronym for Responsibility, Understanding, Learning, and Experience. (*Id*. at ¶ 5.)

Program was more costly than the Cognitive Behavioral Therapy program, which the inmates prefer.  (*Id.* at ¶¶ 11-12.)

### DISCUSSION

A Rule 12(b)(1) motion may be used to challenge a court's subject-matter jurisdiction on mootness grounds. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (noting that Rule 12(b)(1) is a proper vehicle to challenge whether a case is moot).  Pursuant to Rule 12(b)(1), a court must dismiss an action if the court lacks subject matter jurisdiction.  A court lacks jurisdiction where there is no live case or controversy presented and the case has become moot. *Redfern v. Napolitano*, 727 F.3d 77, 83-83 (1st Cir. 2013).  When issues presented are no longer live, "a case or controversy ceases to exist, and dismissal of the action is compulsory." *Id.*

The motion may challenge either the veracity of alleged jurisdictional facts or their legal sufficiency. *Valentin*, 254 F.3d at 363.  In considering a Rule 12(b)(1) motion challenging legal sufficiency, a court may consider extra-pleading material, including "documents attached to both sides' motions and supplemental briefs," without converting the motion to a summary judgment motion. *González v. U.S.*, 284 F.3d 281, 288 (1st Cir. 2002); *see also Acosta-Ramirez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir. 2013) (court may weigh "whatever evidence has been submitted in the case."); *accord Valentin*, 254 F.3d at 363 (review may include "explanatory affidavit or other repository of

uncontested facts").[4] The party invoking federal jurisdiction bears the burden of showing its existence. *Valentin*, 254 F.3d at 363.

Defendant Fitzgerald argues that because the MDOC has discontinued the CPC RULE Program, Plaintiff's claims are moot. Because Plaintiff seeks reform of and other forms of injunctive relief regarding a program that the MDOC no longer employs (*see* Complaint at 5-6; Requested Relief, ECF No. 1-1), unless an exception to mootness applies, the Court lacks jurisdiction as there would be no case or controversy.[5]

Mootness does not apply where (1) the defendants voluntarily ceased the challenged conduct for the purpose of mooting litigation or (2) where the conduct is "capable of repetition yet evading review." *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 54, 56 (1st Cir. 2013).

Whether a defendant stopped the challenged conduct to moot the litigation is "highly sensitive to the facts of a given case." *Id*. 705 F.3d at 56. The exception "does not apply when the voluntary cessation of the challenged activity occurs because of reasons unrelated to the litigation." *Id*. at 55 (citations omitted). Here, given that the MDOC terminated the program in mid-2019, that Plaintiff filed the complaint in August 2019, that

---

[4] "When a factbound jurisdictional question looms, a court must be allowed considerable leeway in weighing the proof, drawing reasonable inferences, and satisfying itself that subject-matter jurisdiction has attached." *Valentin*, 254 F.3d at 364

[5] Plaintiff suggests that he also lost some good-time credits due to the implementation of the CPC RULE Program at MCC. (Response at 2.) Plaintiff cannot pursue a claim concerning the duration of his confinement without first obtaining habeas relief for his loss of good time. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *DeWitt v. Wall*, 121 F. App'x 398, 399 (1st Cir. 2004) (unpublished, per curiam opinion). To the extent, therefore, that Plaintiff asserts a claim related to his alleged loss of good time credit, Plaintiff's claim would not be actionable and would be subject to dismissal under 28 U.S.C. §§ 1915 and 1915A.

Defendant Fitzpatrick was not served with the complaint until January 2020, and that Defendant has offered reasons unrelated to the litigation (i.e., cost and prisoners prefer the Cognitive Behavioral Therapy Program), one can reasonably conclude that the MDOC terminated the program for reasons unrelated to the litigation.

The matter would thus be moot unless the matter is capable of repetition and would evade review. Plaintiff bears the burden of showing that the challenged act is capable of repetition yet evading review. *Ford v. Bender*, 768 F.3d 15, 30 (1st Cir. 2014). To meet that burden, Plaintiff must show "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation or a demonstrated probability that the same complaining party will be subject to the same action again." *Id*. (citations omitted).

The CPC RULE Program is not the type of activity that would potentially avoid review due to its duration. *See Am. Civil Liberties Union*, 705 F.3d at 57 (typical examples of events of short duration would be an election, a pregnancy or entry of a temporary restraining order). Plaintiff has not alleged nor does the record suggest that the MDOC has operated the program for short periods of time or that the MDOC historically had stopped and then restarted the program. Furthermore, because the MDOC has ceased the program and the record lacks any suggestion that the program will be reinstated, Plaintiff has not shown that there is a "reasonable expectation" or a "demonstrated probability" that he will

be subject to the CPC RULE Program again.[6] *Ford*, 768 F.3d at 30. Plaintiff thus has not demonstrated that Defendant's alleged conduct is capable of repetition yet evading review.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant Fitzpatrick's motion to dismiss and dismiss Plaintiff's complaint.[7]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of May, 2020.

---

[6] Plaintiff asserts that he might be subject to the CPC RULE Program as a condition of his eventual probation. (Response in Opposition, ECF No. 32 at 2.) He attaches to his response to the motion, a Memorandum of Decision from the Maine Law Court, dated June 18, 2019, in which the Court, in affirming a trial court order denying Plaintiff's motion to "(1) amend and terminate various conditions of his probation, and (2) reopen the evidence, after his admission of violating a condition of his probation, to establish that he had not violated that condition," referenced the conditions of his probation, which conditions include the requirement that he obtain treatment in the CPC RULE Program. (Decision at 2, n.3, ECF No. 32-1.) Insofar as the MDOC administers probation, the mootness analysis based on the termination of the program applies to any claim Plaintiff attempts to assert based on his probation conditions.

[7] On May 20, 2020, Defendants Tim App and Hannah Monaco, who administered the program and were contractors with the MDOC (Carr. Aff. at ¶ 5), also filed a motion to dismiss, joining in Defendant Fitzpatrick's motion to dismiss. (Motion, ECF No. 34.) Although the motion was only recently filed and Plaintiff has not had the opportunity to respond to the motion, because Plaintiff asserts the same claim against and seeks the same relief from all defendants and because the Court lacks jurisdiction over the claim based on mootness, if the Court concurs with the analysis set forth herein, the Court can either grant the motion to dismiss filed by Defendants App and Monaco or moot the motion upon the grant of Defendant Fitzpatrick's motion and the dismissal of Plaintiff's complaint.